UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SINCERE M.,

                        Petitioner,                         **MEMORANDUM AND ORDER**
                                                                13-CV-04028 (LDH)

           -against-

STATE OF NEW YORK, OFFICE OF
MENTAL HYGIENE,

                        Respondent.
-------------------------------------------------------x

LaShann DeArcy Hall, United States District Judge:

      Petitioner Sincere M., civilly confined at the St. Lawrence Psychiatric Center, brings this

habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his April 18, 2011 adjudication

in Supreme Court, Queens County, under New York Mental Hygiene Law (the "NYMHL") as a

dangerous sex offender requiring civil confinement in a mental health facility.  (*See* Pet. for Writ

of Hab. Corp. at 3, ECF No. 1; State Court Record ("State Court Record I") at 6-8, ECF No.

13.)[1]

## BACKGROUND

      On October 17, 1984, Petitioner was convicted in the Supreme Court, Queens County, of

Sodomy in the First Degree in violation of N.Y. Penal Law § 130.50 and Endangering the

Welfare of a Child in violation of N.Y. Penal Law § 260.10.  (State Court Record I at 15.)

Petitioner was sentenced to an aggregated, indeterminate prison term of 12.5 to 25 years.  (*Id.*)

On April 23, 2009, shortly before Petitioner's scheduled May 9, 2009 release from prison, the

---

[1] Reference is to official pagination of court filings.

state filed a petition for civil management pursuant to Article 10 of the NYMHL.[2] (State Court Record I at 12-19; State Court Record ("State Court Record II") at 11, ECF No. 14.) On February 24, 2011, a jury trial commenced, and on March 3, 2011, the jury found that Petitioner suffered a "mental abnormality" as defined by NYMHL. (State Court Record ("State Court Record III") at 75, 497-98, ECF No. 15.) Shortly thereafter, on April 20, the court ordered that Petitioner be committed "to a secure treatment facility until such time that he no longer requires confinement." (State Court Record I at 7-8.)

On March 20, 2012, Petitioner appealed his civil commitment order to the Appellate Division, Second Department, arguing that: (1) the court violated his constitutional right to a jury trial and due process of law by not submitting the question of whether he was a "detained sex offender" to the jury ("Argument 1"); (2) there was insufficient evidence for the court to decide whether he was a "detained sex offender" ("Argument 2"); and (3) the court's finding that he required secure confinement was against the weight of the evidence ("Argument 3"). (State Court Record ("State Court Record IV") at 17-43, ECF No. 16.) On February 6, 2013, the Appellate Division unanimously affirmed the trial court's order, holding that Petitioner's claims were without merit. *See Matter of State of New York v. S. Mc.*, 103 A.D.3d 652, 653 (N.Y. App. Div. 2d Dep't 2013). Petitioner then moved for leave to appeal Argument 1 and Argument 2 to

---

[2] The NYMHL establishes the process for determining whether a sex offender qualifies for civil management under the Sex Offender Management and Treatment Act. *See generally* NYMHL § 10. When a detained sex offender is nearing an anticipated release from confinement, an agency with jurisdiction gives notice to the attorney general and the commissioner of mental health. *Id.* § 10.05(b). The individual may then be referred to a case review team at the Office of Mental Health for screening and evaluation. *Id.* § 10.05(d). An examination of the individual, including a psychiatric exam and review of the individual's records, is conducted to determine whether he or she requires civil management. *Id.* § 10.05(e). Thereafter, the matter is referred to the Attorney General's office, and the Attorney General files a civil management petition, if deemed necessary. NYMHL §§ 10.05(g), 10.06(a). After the court determines that there is probable cause to believe that the respondent is a sex offender requiring civil management, the court conducts a jury trial to determine whether the respondent is a detained sex offender who suffers from a mental abnormality. *Id.* § 10.05(a).

the New York Court of Appeals, which was denied on May 2, 2013. *See Matter of State of New York v. S. Mc.*, 21 N.Y.3d 854.

## DISCUSSION

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person in custody pursuant to a state court judgment may bring an application for a writ of habeas corpus on only the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner seeking to obtain habeas corpus relief for claims adjudicated on the merits in a state court proceeding must show that the state court's decision was either: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" in the state court. 28 U.S.C. § 2254(d)(1)-(2); *see also Kernan v. Hinojosa*, 136 S. Ct. 1603, 1604 (2016).

For the purposes of federal habeas review, "clearly established Federal law" is defined as "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established federal law if the state court's conclusion: (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on a set of materially indistinguishable facts; or (3) identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 412-413. An unreasonable application of federal law is different from an erroneous or incorrect application of federal law. *Id.* at 412. Factual determinations made by the state court are

presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## I.    Exhaustion of Claims

A federal court may not consider the merits of a petition for habeas corpus relief unless the petitioner first presented his claims "in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  This requirement also applies to habeas petitions challenging civil commitment proceedings.  *See Hunter v. Gipson*, 534 F. Supp. 2d 395, 398 (W.D.N.Y. 2008) ("Petitioning for a writ of habeas corpus, after fully exhausting state court remedies, is the appropriate method for an individual to challenge the fact or duration of his involuntary civil commitment to a psychiatric institution.") *aff'd*, 589 F.3d 75 (2d Cir. 2009)).

In his appeal before the Appellate Division, Petitioner raised all three arguments that form the basis of the instant petition.  (*See* State Court Record IV at 17-43.)  However, in his motion for leave to appeal to the New York Court of Appeals, petitioner raised only Argument 1 and Argument 2—he failed to raise Argument 3.  (*See* State Court Record ("State Court Record V") at 129, ECF No. 17.)  As such, because Plaintiff failed to fully exhaust Argument 3, only Argument 1 and Argument 2 are properly before this Court.

## II.    Determination that Petitioner was a Detained Sex Offender

Petitioner argues that there was insufficient evidence for the state court to decide whether Petitioner was a "detained sex offender" under the NYMHL and, in addition, that the Court erred in not submitting this question to the jury.  (*See generally* Pet. for Writ of Hab. Corp.)  Petitioner's arguments are without merit.

4

NYMHL § 10.07(d) states that "the jury . . . shall determine by clear and convincing evidence whether the respondent is a detained sex offender who suffers from a mental abnormality."  NYMHL § 10.07; *see also Addington v. Texas*, 441 U.S. 418, 432-433 (1979) (holding that the clear and convincing standard, as opposed to the reasonable doubt standard, is appropriate in civil commitment proceedings).  However, when no facts are disputed, a trial court may determine the question of "detained sex offender" status as a matter of law.  *See Matter of State of New York v. Geoffrey P.*, 100 A.D.3d 911, 912-913 (N.Y. App. Div 2d Dep't 2012) (holding that where there is no dispute as to whether, as a factual matter, the individual is a detained sex offender, a court may properly determine, as a matter of law, that the individual was a detained sex offender within the meaning of Mental Hygiene Law § 10.03(g));  *see also Galloway v. United States*, 319 U.S. 372, 388-96 (1943) (holding that every element of a statutory offense must be proven by the state but not every element be decided by the jury.)  Moreover, the statute provides that the "respondent's commission of a sex offense shall be deemed established and shall not be relitigated at the trial, whenever it is shown that . . . the respondent stands convicted of such offense."  NYMHL § 10.07(c).

Here, the undisputed facts established that Petitioner was both incarcerated and a sex offender under the NYMHL.  The state proffered certificates of conviction that established Petitioner had been convicted of Sodomy in the First Degree under N.Y. Penal Law § 130.50[1], (State Court Record III at 366-69; *see also* State Court Record I at 31.) which constituted a sex offense under NYMHL § 10.03(p).  Furthermore, the state established via the proffer of certificates of incarceration that, at the time the state filed its petition for civil commitment, Petitioner was in the custody of the Department of Corrections for the commission of that offense.  (State Court Record III at 366-69; State Court Record I at 15); *see also* NYMHL §

10.03(g).  Petitioner did not dispute any of these facts. [3]  Accordingly, the state proved by clear and convincing evidence—none of which Petitioner disputed— that Petitioner was a detained sex offender, and, therefore, the court did not err by deciding this issue as a matter of law.

**CONCLUSION**

For the aforementioned reasons, Petitioner's petition for a writ of habeas corpus is DENIED.

Dated: Brooklyn, New York
    September 11, 2018

SO ORDERED:

/s/ LDH _____
LaSHANN DeARCY HALL
United States District Judge

---

[3]  When the state court asked Petitioner's counsel if he was "going to contest in any way that [Defendant] is not an incarcerated detained sex offender," Petitioner's counsel did not contest such; instead, he stated that he believed it was a factual issue to be determined by the jury.  (*See* State Court Record III at 366-69.)  Furthermore, with respect to detainment, though the state court sustained Petitioner's counsel objection to a certificate of incarceration as hearsay, Petitioner's counsel never contested whether Petitioner was detained.   In fact, Petitioner's counsel stated to the jury on numerous occasions that Plaintiff had been incarcerated for 27 years.  (*See* State Court Record III at 461, 463, 467.)